# CHARLESTON.

STATE *ex rel.* MEEKS V. MORRIS, JUDGE.

Submitted May 18, 1915.  Decided June 15, 1915.

INSANE PERSONS—*Appointment of Committee—Concurrent Jurisdiction—*
    *Validity of Statute.*

> Section 34, chapter 58, Code (1913), serial section 3359, is a con
> stitutional statute, has not been repealed, and vests in the circuit
> courts concurrent jurisdiction with the county courts in the matter
> of appointing committees for persons determined by said circuit
> court to be insane.

(LYNCH, JUDGE, absent.)

Mandamus by the State, on the relation of M. A. Meeks,
against P. D. Morris, Judge.

*Writ awarded.*

*J. M. Foster,* for petitioner.

*Jackson V. Blair* and *A. F. McCue,* for respondent.

WILLIAMS, JUDGE:

Relator's petition to the circuit court of Doddridge county,
praying for the appointment of a committee for his father,
Hezekiah Meeks, alleged to be insane, having been dismissed
on the sole ground, as shown by the order of dismissal, that
the circuit court did not have original jurisdiction in the
matter, he has applied to this court for a writ of mandamus
to compel the Honorable P. D. Morris, judge of said court,
to entertain his petition and proceed to final judgment
thereon.  Due notice of the filing of the petition had been
given.

A motion to quash the alternative writ presents the question, whether circuit courts have concurrent jurisdiction with
county courts in the matter of appointing committees for insane persons.  Relator relies on Sec. 34, Ch. 58, Code (1913),
as conferring such jurisdiction.  That it was the legislative
purpose, by the enactment of that statute, to confer such jurisdiction on circuit courts is clear.  But counsel for respondent
contends (1) that the statute is unconstitutional; and, (2),
whether constitutional or not, that it has been repealed.  He

insists that Sec. 24, Art. VIII of the Constitution, prescribing the jurisdiction of county courts, is exclusive and confines all original jurisdiction, in the matter of probate of wills, appointment of administrators, committees, etc., to that court. The particular language of that section relied on is as follows: ''They (county courts) shall have jurisdiction in all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators, and the settlement of their accounts, and in all matters relating to apprentices.'' He emphasizes the words, ''jurisdiction in all matters''. But those words do not necessarily mean *exclusive* jurisdiction in all matters; and, considering them in connection with other provisions of the Constitution, we do not think they can properly be so construed. The county courts may have jurisdiction in all the matters enumerated, and yet other courts have concurrent jurisdiction in the same matters. Concurrent and original jurisdiction in the circuit courts, is not incompatible or inconsistent with jurisdiction in the county courts. ''Jurisdiction in all matters,'' does not mean all jurisdiction, or exclusive jurisdiction, in such matters. That section of the constitution does not confine the jurisdiction to the county courts nor limit the power of the legislature to confer original jurisdiction in the same matters upon the circuit courts. That the framers of the constitution did not so intend, is further shown by the last clause of Sec. 12, Art. VIII, defining the jurisdiction of the circuit courts. The concluding clause of that section is as follows: ''They (circuit courts) shall also have such other jurisdiction, whether supervisory, original, appellate, or concurrent as is or may be prescribed by law. Here is express constitutional authority, even if such were necessary, to the legislature to vest jurisdiction in the circuit courts in such other matters, not enumerated in the constitution, or expressly limited by it to some other tribunal. Appellate jurisdiction of circuit courts is not incompatible with their original jurisdiction in the same matter. There being no constitutional inhibition upon the legislature, forbidding its vesting jurisdiction in such matters in the circuit courts, it has the power either to confer exclusive jurisdiction to appoint committees for insane persons upon the county courts, or to vest both county

and circuit courts with concurrent jurisdiction in that respect; and, in its wisdom it has seen fit to confer concurrent jurisdiction on both courts.

The case of *Stone* v. *Simmons*, 56 W. Va. 89, is cited in support of the contention, that the statute, Sec. 34, Ch. 58, is unconstitutional. We do not so interpret that decision. That case involved the question of the jurisdiction of the circuit court to enjoin proceedings, instituted in the county court to revoke letters of administration which had been previously granted by the last named court to another, and to permit the petitioner, who was the executor named in the will, to qualify as such. Judge McWHORTER's opinion does not discuss the constitutional question, but deals exclusively with the statute law on the subject, and holds that chapter 136, Acts of 1872-3, conferring on the circuit courts concurrent jurisdiction with the county courts, "in all matters of probate of wills, the appointment and qualification of personal representatives, guardians, committees and curators and the settlement of their accounts," was repealed by chapters 68 and 84 of the Acts of 1882, amending chapters 87 and 77 of the Code. No reference is made to Sec. 34, Ch. 58, Code, on which relator relies. That section is an old statute, adopted from the code of Virginia. See Code of Virginia (1860), Secs. 51, 52 and 53, Ch. 85. It appears in the code of West Virginia, (1868), as Sec. 38, Ch. 58; and has continued ever since to be published as a statute of this state, without modification, except as to the notice now provided, which was incorporated into it in 1882, when it, together with certain other sections of chapter 58, was amended and reenacted. See Acts 1882, Ch. 67. Although the opinion in *Stone* v. *Simmons*, *supra*, decides that the enactment of chapters 68 and 84, Acts 1882, amending chapters 77 and 87 of the Code, repealed chapter 136, Acts 1872-3, it did not decide that Sec. 34, Ch. 58, Code, was thereby repealed. Nor does that result necessarily follow; because, at the same session of the legislature at which chapters 87 and 77 of the Code were so amended as to repeal chapter 136, Acts 1872-3, another act was passed, amending and reenacting Sec. 38, Ch. 58, which is now Sec. 34 of that chapter. See Acts 1882, Ch. 67. But even though it may have been repealed by the same legislation that re-

pealed chapter 136, Acts 1872-3, a question we do not decide, it was again reenacted in 1889 by chapter 19, Acts 1889, amending and reenacting the whole of chapter 58 of the Code; and it is not claimed that there has been any legislation since that time which has effected a repeal of it. Our conclusion, therefore, is that Sec. 34, Ch. 58, Code, (1913), is a constitutional statute and has not been repealed. The writ is awarded.

*Writ awarded.*